THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00191-MR

| | |
|---|---|
| TERRY BOSHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 17] and the Defendant's Motion for Summary Judgment. [Doc. 20].

**I.  BACKGROUND**

On June 21, 2016, the Plaintiff, Terry Bosher ("Plaintiff"), filed an application for supplemental security income under Title XVI of the Social Security Act (the "Act"), alleging an onset date of February 23, 2016. [Transcript ("T") at 59]. The Plaintiff's claims were initially denied on September 23, 2016, [Id. at 66-67], and again denied upon reconsideration on January 24, 2017. [Id. at 78-79]. On the Plaintiff's request, a hearing was held on October 31, 2018 before an Administrative Law Judge ("ALJ"). [Id.

at 12]. On January 17, 2019, the ALJ issued a written decision denying the Plaintiff benefits. [Id. at 9].

On January 28, 2020, the Appeals Council denied the Plaintiff's request for review thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154, (2019) (internal quotation marks omitted); Johnson v.

2

Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanation." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017

WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant

4

does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. § 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c), 404.943(c), 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age,

education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff did not engage in substantial gainful activity from February 23, 2016, his alleged onset date, through March 31, 2016, his date last insured.[1] [T. at 14]. At step two, the ALJ found that the Plaintiff had the following severe impairments: "arthritis, obstructive sleep apnea (OSA), irritable bowel syndrome (IBS), obesity, history of pulmonary emboli, and gastroesophageal reflex disease (GERD)." [Id.]. At step three, the ALJ determined that the Plaintiff did not have an impairment or combination of impairments that meets or medically equals

---

[1] The Plaintiff asserts that his date last insured is June 30, 2016. [Doc. 18 at 4]. However, the Plaintiff does not assign error based on this discrepancy, and this discrepancy does not affect the Court's decision.

6

the Listings. [Id. at 15]. The ALJ then determined that the Plaintiff, notwithstanding his impairments, had the RFC "to perform light work as defined in 20 CFR 404.1567(b) except he must perform no overhead lifting over 15 pounds. He must perform no overhead lifting of any weight with the left upper extremity (right hand dominant). He must have ready access to a restroom." [Id. at 16].

At step four, the ALJ identified the Plaintiff's past relevant work as warehouse worker and florist. [Id. at 19]. The ALJ determined, however, that the Plaintiff was "unable to perform past relevant work as actually or generally performed." [Id.]. At step five, the ALJ concluded that based on the Plaintiff's age, education, work experience, and RFC, the Plaintiff was able to perform other jobs existing in significant numbers in the national economy, including small parts assembler, inspector and hand packager, and shipping and receiving weigher. [Id. at 20]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Act from February 23, 2016, the alleged onset date, through March 31, 2016, the date last insured. [Id. at 21].

## V. DISCUSSION[2]

As one of his assignments of error, the Plaintiff argues that the ALJ "failed to build an accurate and logical bridge from the evidence to [the ALJ's] conclusions" because the ALJ "mischaracterized some of the evidence, cited evidence that was outside the relevant time period, and generally failed to provide sufficient reasons supported by substantial evidence" for discrediting the Plaintiff's statements about his pain and limitations. [Doc. 18 at 20]. The Plaintiff specifically objects to the ALJ's conclusion that the evidence is inconsistent with the Plaintiff's statements regarding the intensity, persistence, and limiting effects of pain in his arms, shoulders, and back. [Id. at 11-17].

Social Security Ruling 96-8p explains how adjudicators should assess residual functional capacity. The Ruling instructs that the RFC "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations.[3] SSR 96-8p; see also

---

[2] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

[3] The functions listed in the regulations include the claimant's (1) physical abilities, "such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching);" (2) mental abilities, "such as limitations in understanding, remembering, and

8

Mascio, 780 F.3d at 636 (finding that remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review) (citation omitted).

Regarding the Plaintiff's complaints of pain in his arms, shoulders, and back, the ALJ stated that:

> The claimant complains of pain in the arms, shoulders, and low back. He further reported pain worse with frequent bending and lifting; and pain worse with bending, lifting, and prolonged standing. (Ex. 8F, p. 11[;] 10F, p. 31). However, the objective imaging fails to illustrate severe exertional or nonexertional limitations. A June 22, 2016 thoracic MRI revealed multilevel degenerative and stenotic findings. (Ex. 3F, p. 36). However, examination notes consistently show the claimant was well nourished, well groomed, and well appearing. (Ex. 3F, P. 7; 6F, p. 3; 10F, p. 3). Likewise, the claimant displayed full spinal range of motion although he complained of pain with right lateral bend. (Ex 6F, pp. 25, 77; 8F, p. 19). Even still, there is no evidence of any acute abnormality of the thoracic spine. (Ex. 12F, p. 7). Lastly, instructions against heavy lifting [are] associate[d] with hospital discharge instructions, and are in no way permanent limitations. (Ex. 12F, p. 18).

[T. at 18].

---

carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting;" and (3) other work-related abilities affected by "impairment(s) of vision, hearing, or other senses, and impairment(s) which impose environmental restrictions." 20 C.F.R. § 416.945.

Here, the ALJ cited to evidence that appears to both support and contradict the Plaintiff's statements about the limiting effects of his impairments. However, the ALJ never reconciled this disparate evidence or explained how the evidence supports his conclusion in the RFC that the Plaintiff can perform light work, including overhead lifting under 15 pounds with the right upper extremity.

The ALJ also erred by citing to evidence outside the period of the Plaintiff's alleged disability without explaining why that evidence is probative. Generally, an "ALJ should consider evidence within the closed period of disability to determine whether the Plaintiff was entitled to benefits for that limited duration," but an ALJ may "consider evidence outside a closed period of disability if that evidence is 'probative' of disability within the closed period." Charlene L. v. Saul, No. 3:19-cv-626, 2021 WL 725822, at *8 (E.D. Va. Feb. 3, 2021); see also Hill v. Colvin, No. DKC 15-1027, 2016 WL 3181762, at *10 (D. Md. June 8, 2016). The ALJ cited an assessment measuring the Plaintiff's range of motion from 2015, an X-ray of the Plaintiff's chest from 2015, an X-ray of the Plaintiff's thoracic spine from 2018, and hospital discharge instructions from 2018. [T. at 18]. However, the ALJ failed to articulate how this evidence is probative of the Plaintiff's alleged

disability in 2016 or how it supports the limitations and conclusions in the RFC.

Instead, the ALJ proceeded to discuss the Plaintiff's activities as follows:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent because the overall evidence of record showed a higher level of functioning. For instance, the claimant testified that he is constantly in pain and rarely goes out, but the record shows the claimant was the driver in a motor vehicle collision in February 2018. (Ex. 12F, p. 5). In addition, the claimant stated his doctor instructed him to lift [no] more than 10 pounds; however, I note no provider assessed a permanent 10-pound lifting restriction in the record. Likewise, the claimant alleged significant anxiety and stated he has to avoid crowds. Yet, he spent time at the beach in June 2018. (Ex. 10F, p. 29).

[T. at 18].

While the ALJ recited this evidence from the record, the ALJ again failed to explain why this evidence is inconsistent with the Plaintiff's statements about the intensity, persistence, and limiting effects of his impairments. For example, the Plaintiff testified that he rarely goes out, and the ALJ concluded that the Plaintiff's statement was inconsistent with the record because the Plaintiff was the driver in a car accident in 2018. [T. at 18]. However, the ALJ's analysis failed to explain how this single incident in

11

2018 is inconsistent with the Plaintiff's statement that he *rarely* goes out or probative of whether the Plaintiff was disabled in 2016.

Moreover, the ALJ failed to relate the evidence he cited to the limitations he articulated in the RFC. For instance, the ALJ noted that the Plaintiff alleged he would have difficulty lifting more than 10 pounds, and the ALJ found that "the medical record fails to support a lifting or carrying restriction of less than 20 pounds." [T. at 17]. However, the ALJ never explained how he then reached the conclusion that the Plaintiff can perform light work and "must perform no overhead lifting over *15 pounds*," including "no overhead lifting of any weight with the left upper extremity." [T. at 16] (emphasis added). While the ALJ summarized the evidence of record and concluded that the Plaintiff could perform light work, he never explained "how he concluded – *based on this evidence* – that the Plaintiff could actually perform the tasks required of light work or the additional physical limitations in the RFC." Massey v. Berryhill, No. 3:17-cv-00689-MR, 2019 WL 1382507, at *5 (W.D.N.C. Mar. 27, 2019); see also Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) ("The ALJ concluded that [Plaintiff] could perform 'medium work' and summarized evidence that he found credible, useful, and consistent. But the ALJ never explained how he concluded – *based on this evidence* – that [Plaintiff] could actually perform the tasks required by

'medium work,' such as lifting up to 50 pounds at a time, frequently lifting or carrying up to 25 pounds, or standing or walking for six hours.").

The ALJ's decision "is sorely lacking in the analysis" necessary for the Court to meaningfully review the ALJ's conclusions. Mascio, 780 F.3d at 636-37. While the ALJ recited certain evidence in the record, "it is not sufficient for an ALJ to simply recite *what* the evidence is." Mills, 2017 WL 957542, at *4. Instead, an RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Mascio, 780 F.3d at 636 (quoting SSR 96-8p).

A "reviewing court cannot be left to guess as to how the ALJ arrived at his conclusions." Mills, 2017 WL 957542, at *4. As such, this matter must be remanded because the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion." Monroe, 826 F.3d at 189.

## VI. CONCLUSION

Because this Court lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. On remand, the ALJ's decision should include a narrative discussion of the evidence, as required by SSR 96-8p, explaining how he

13

Case 3:20-cv-00191-MR   Document 24   Filed 11/08/21   Page 13 of 14

reconciled that evidence (both supportive and contradictory) to his conclusions. In light of this decision, the Plaintiff's other assignment of error need not be addressed at this time but may be addressed on remand.

## ORDER

**IT IS THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 17] is **GRANTED** and the Defendant's Motion for Summary Judgment [Doc. 20] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: November 8, 2021

Martin Reidinger
Chief United States District Judge